UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JONATAN G. GONZALEZ
and other similarly situated individuals,

    Plaintiff(s),

v.

BASILICO RISTORANTE AT DORAL, INC.
RODRIGO R. GONZALEZ
and CARLOS LOYA, individually

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JONATAN G. GONZALEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants BASILICO RISTORANTE AT DORAL, INC., RODRIGO R. GONZALEZ, and CARLOS LOYA, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JONATAN G. GONZALEZ is a covered employee for purposes of the Act. Plaintiff is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant BASILICO RISTORANTE AT DORAL, INC. (hereinafter BASILICO RISTORANTE, or Defendant) is a Florida corporation, having a place of business in Broward County, Florida, where Plaintiff worked. Defendant was engaged in interstate commerce. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. The individual Defendants RODRIGO R. GONZALEZ and CARLOS LOYA were and are now the owners/partners/officers and managers of Defendant Corporation BASILICO RISTORANTE. Individual Defendants RODRIGO R. GONZALEZ and CARLOS LOYA are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Plaintiff JONATAN G. GONZALEZ brings this cause of action as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after September 2020, (the "material time") without being properly compensated.

7. Defendant BASILICO RISTORANTE is an Italian restaurant located at 10405 NW 41 ST Doral, FL 33178, where Plaintiff worked.

8. Defendants BASILICO RISTORANTE, RODRIGO R. GONZALEZ, and CARLOS LOYA employed Plaintiff JONATAN G. GONZALEZ from September 28, 2020, to April 22, 2021, or 29 weeks.

9. The Plaintiff was employed as a non-exempt full-time, hourly restaurant employee. Plaintiff had duties as a dishwasher and cleaning person. During the relevant employment period, Plaintiff was paid a salary of $800.00 per week.

10. While employed by Defendants, Plaintiff had a very regular schedule, and he worked 5 days per week. Plaintiff has Wednesdays and Sundays off, but he worked on Mondays, Tuesdays, and Thursdays from 10:00 AM to 10:00 PM (12 hours each day). On Fridays, Plaintiff worked from 10:00 AM to 11:00 PM (13 hours), and on Saturdays, he worked from 11:00 AM to 11:00 PM (12 hours). Plaintiff was unable to take bonafide lunchtime breaks, and he completed 61 working hours every week.

11. Plaintiff always worked more than 40 hours a week, and he was paid a salary, but he was not paid for overtime hours.

12. Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff. The Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid weekly with checks without any record or paystub showing the number of days and hours worked, wage rate, employees' taxes withheld, etc.

15. On or about April 22, 2021, Plaintiff left his position to pursue better employment opportunities. At the time of his resignation, Defendants refused to pay Plaintiff for his last week of employment.

16. Plaintiff is not in possession of time and payment, but he will provide a good faith estimate of unpaid overtime hours based on his recollections. After discovery, Plaintiff will adjust his statement of claim accordingly.

17. Plaintiff JONATAN G. GONZALEZ seeks to recover overtime wages for every hour over 40 that he worked, liquidated damages, and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

19. Plaintiff JONATAN G. GONZALEZ re-adopts every factual allegation stated in paragraphs 1-18 above as if set out in full herein.

20. This cause of action is brought by Plaintiff JONATAN G. GONZALEZ as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after September

2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

21. Defendant BASILICO RISTORANTE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a bar/restaurant and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

22. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

23. Defendants BASILICO RISTORANTE, RODRIGO R. GONZALEZ, and CARLOS LOYA employed Plaintiff JONATAN G. GONZALEZ approximately from September 28, 2020, to April 22, 2021, or 29 weeks.

24. Plaintiff was employed as a non-exempted full-time, hourly restaurant employee. Plaintiff had duties as a dishwasher and cleaning person. During the relevant employment period, Plaintiff was paid a salary of $800.00 per week.

25. While employed by Defendants, Plaintiff had a very regular schedule, and he worked 5 days per week. Plaintiff was unable to take bonafide lunchtime, and he completed 61 working hours every week.

26. Plaintiff always worked more than 40 hours a week, and he was paid the same salary regardless of the hours worked every week. Plaintiff was not paid for overtime hours.

27. Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff. The Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

28. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiff was paid weekly with checks without any record or paystub showing the number of days and hours worked, wage rate, employees' taxes withheld, etc.

30. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated and the compensation paid to such employees should be in possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of days and hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

31. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that these amounts are based on preliminary calculations. Thus, these figures would be subject to modifications after discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Three Thousand Nine Hundred Ninety-Five Dollars and 04/100 ($3,995.04)

    b. <u>Calculation of such wages</u>:

       Relevant weeks of employment:  29 weeks
       Total number of relevant weeks: 29 weeks
       Total hours worked:  61 hours weekly
       Total overtime hours: 21 O/T hours
       Salary paid: $800.00: 61 hours weekly=$13.12
       Regular rate: $13.12 x 1.5=$19.68 O/T rate
       O/T rate $19.68-$13.12 O/T rate paid=$6.56 half-time

       Half-time O/T $6.56 x 21 O/T hours=$137.76 weekly x 29 weeks=$3,995.04

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents unpaid half-time overtime wages.

32. At all times, the Employer/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by Defendants to pay them at the rate of time properly and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

33. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set

forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

34. At the times mentioned, individual Defendants RODRIGO R. GONZALEZ and CARLOS LOYA were the owners/partners/managers of BASILICO RISTORANTE. Defendants RODRIGO R. GONZALEZ and CARLOS LOYA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of BASILICO RISTORANTE concerning its employees, including Plaintiff and others similarly situated. Defendants RODRIGO R. GONZALEZ and CARLOS LOYA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

35. Defendants BASILICO RISTORANTE, RODRIGO R. GONZALEZ, and CARLOS LOYA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JONATAN G. GONZALEZ and those similarly situated respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff JONATAN G. GONZALEZ and other similarly situated

individuals and against the Defendants BASILICO RISTORANTE, RODRIGO R. GONZALEZ and CARLOS LOYA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JONATAN G. GONZALEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JONATAN G. GONZALEZ demands trial by a jury of all issues triable as right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

37. Plaintiff JONATAN G. GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

38. This action is brought by Plaintiff JONATAN G. GONZALEZ and those similarly situated to recover from the Employer BASILICO RISTORANTE unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

39. The employer BASILICO RISTORANTE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail

company performing as a restaurant. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

40. Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

41. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

42. Defendants BASILICO RISTORANTE, RODRIGO R. GONZALEZ, and CARLOS LOYA employed Plaintiff JONATAN G. GONZALEZ from September 28, 2020, to April 22, 2021, or 29 weeks.

43. The Plaintiff was employed as a non-exempt full-time, hourly restaurant employee. Plaintiff had duties as a dishwasher and cleaning person. During the relevant employment period, Plaintiff was paid a salary of $800.00 per week.

44. While employed by Defendants, Plaintiff had a very regular schedule, and he worked 5 days per week an average of 61 hours weekly. Plaintiff was unable to take bonafide lunchtime.

45. On or about April 22, 2021, Plaintiff resigned from his position. At the time of his resignation, Defendants refused to pay Plaintiff for his last week of work. There are a substantial number of hours that Defendants did not pay to Plaintiff at any rate, not even at the minimum wage rate, as established by the FLSA.

46. Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff. The Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals, and they knew about the hours worked by Plaintiff in that particular week.

47. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

48. Plaintiff was paid strictly in cash every week, without any paystub providing basic information about the actual number of working hours, wage rate, employment taxes, etc.

49. The records, if any, concerning the number of hours worked by Plaintiff JONATAN G. GONZALEZ and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class upon information and belief.

50. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

51. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

    *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. Total amount of alleged unpaid wages:

       Three Hundred Forty-Six Dollars and 00/100 ($346.00)

    b. Calculation of such wages:

       Total relevant weeks of employment: 29 weeks
       Total relevant weeks of employment:1 week
       Total hours worked: 40 hours weekly
       Total number of hours paid:  0
       Fl. Minimum wages: $8.65 an hour

       Min. Wage $8.65 x 40 hours=$346.00 weekly

    c. Nature of wages:

       This amount represents unpaid minimum wages at the Florida Minimum Wage rate.

52. Defendants BASILICO RISTORANTE, RODRIGO R. GONZALEZ, and CARLOS LOYA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

53. Defendants BASILICO RISTORANTE, RODRIGO R. GONZALEZ and CARLOS LOYA knew and showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above. Plaintiff is entitled to recover double damages.

54. At times mentioned, individual Defendants RODRIGO R. GONZALEZ and CARLOS LOYA were the owners/partners/managers of BASILICO RISTORANTE. Defendants RODRIGO R. GONZALEZ and CARLOS LOYA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of BASILICO RISTORANTE concerning its employees, including Plaintiff and others similarly situated. Defendants RODRIGO R. GONZALEZ and CARLOS LOYA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

55. Defendants BASILICO RISTORANTE, RODRIGO R. GONZALEZ, and CARLOS LOYA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JONATAN G. GONZALEZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JONATAN G. GONZALEZ and against the Defendants BASILICO RISTORANTE, RODRIGO R. GONZALEZ and CARLOS LOYA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff JONATAN G. GONZALEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated: May 31, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*